**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

LEROY A. BARNETT

          Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

Case No. 2:14-cv-01819-JAD-VCF

**REPORT & RECOMMENDATION**

Motion for Reversal (#11)

      This matter involves Plaintiff Leroy Barnett's appeal from Defendant Carolyn Colvin's final decision denying Barnett social security benefits. (Comp. (#1) at 2:20-22[1]). Currently before the court is Barnett's motion for reversal (#11). Colvin filed an opposition (#12); and Barnett replied (#14). For the reasons stated below, the court denies Barnett's motion for reversal.

**BACKGROUND**

      On January 22, 2013, Plaintiff Leroy Barnett filed for disability insurance benefits and supplemental security income. (Admin. Rec. at 39). Barnett's applications were denied initially on April 30, 2013 and upon reconsideration on May 28, 2013. (*Id*. at 62-66, 67-71). On June 19, 2014, Barnett and her representative participated in a video hearing before Administrative Judge ("ALJ") Thomas Gaye. (*Id*. at 23-38). On July 1, 2014, ALJ Gaye issued an unfavorable determination finding that Barnett retained the residual functional capacity (RFC) to perform past relevant work as an automobile

---

[1] Parenthetical citations refer to the court's docket and the administrative record.

1

mechanic. (*Id*. at 6-21). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Barnett's request for review on September 10, 2014. (*Id*. at 1-4). On March 4, 2015, Barnett commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When, as here, the Commissioner of Social Security renders a final decision, which denies a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review of the Commissioner's decision is limited. The court reviews the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The issue before the court is, therefore, narrow. It is not whether the Commissioner could have reached a different conclusion, which the record may support. It is, rather, whether the decision is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (stating that if the evidence supports more than one interpretation, the court must defer to the Commissioner's interpretation). Stated simply, the

Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Barnett challenges the Commissioner's final decision on the grounds that the ALJ incorrectly determined his RFC as medium because the ALJ: (1) failed to draw logical inferences from the medical evidence, and (2) failed to consider the Veterans Administration's decision. Before addressing the arguments, the court discusses the applicable statutory groundwork.

### A. *The Statutory Groundwork*

The Social Security Act of 1935 was enacted by President Roosevelt in the wake of the Great Depression "to provide for the general welfare." 79 Cong. Rec. 12793 (1935) (excerpt from Conference Report–Social Security H.R. 7260). The Act recognizes (1) "the Nation's basic commitment . . . to foster the dignity and well-being of all persons within its borders [and (2) that] forces not within the control of the poor contribute to their poverty." *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970) ("Public assistance, then, is not mere charity, but a means to 'promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity.'").

To qualify for disability benefits under the Social Security Act, the claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). If the claimant establishes an inability to perform his or her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). To make this determination, an Administrative Law Judge ("ALJ") at the Social Security

Administration evaluates the claimant's claim for benefits according to a five-step process. *See* 20 C.F.R. §§ 404.1520; 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that a finding of nondisability should be made, then a decision is rendered against the claimant and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The five-step process is as follow. First, the claimant must prove that she is not currently engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must prove that her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities." *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, the claimant must prove that she is disabled. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. To do so, the claimant must demonstrating that her impairments meet or are medically equivalent to one of the impairments listed in the social security regulations at 20 C.F.R. Part 404, Subpart P, App. 1. *Id*. Before considering step four, the ALJ must first determine the individual's residual functional capacity.[2] *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). Fourth, the claimant must prove that she is incapable of meeting the physical and mental demands of her past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant satisfies her burden under these four steps, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert*, 482 U.S. at 141-42. When making this determination, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience. *Id*. If the Commissioner proves that suitable work exists, the claimant must prove that she cannot, in fact, perform that work. *Id*.

---

[2] Residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.

### *B. The ALJ's Decision is Supported by Substantial Evidence*

Barnett disputes the Commissioner's findings regarding Barnett's residual functional capacity (RFC). Barnett argues that the ALJ incorrectly determined his RFC as medium because the ALJ: (1) failed to draw logical inferences from the medical evidence, and (2) failed to consider the Veterans Administration's decision. (Mot. for Reversal (#11) at 3:17-18).

As discussed above, RFC is a function-by-function assessment of the claimant's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. It is, in laymen's terms, "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a). RFC is comprised of a claimant's physical abilities, mental abilities and applicable impairments. *Id*. RFC is divided into five exertional categories: (1) sedentary, (2) light, (3) medium, (4) heavy, and (5) very heavy. 20 C.F.R. § 404.1567. In the Ninth Circuit, in determining a claimant's RFC, the ALJ "must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Social Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted).

For the reasons discussed below, the court finds that the ALJ's decision regarding Barnett's RFC is supported by substantial evidence.

**1. The ALJ Properly Evaluated Medical Evidence**

Barnett argues that the ALJ's residual functional capacity determination is not supported by substantial evidence because the ALJ failed to properly evaluate the medical evidence. (Mot. for Reversal (#11) at 5:18-21). Barnett contends the evidence of record would support a more restrictive RFC. (*Id*.). In response, the Commissioner argues that the ALJ thoroughly reviewed the entire record and properly determined that Barnett was not disabled because he had the RFC to perform the full range

of medium work as defined in 20 C.F.R. § 404.1567(c) through the date last insured. (Def.'s Opp'n (#12) at 2:24-25, 3:1-3). The court agrees.

Barnett argues that the evidence of record supports an RFC of no more than light work. Barnett contends that the ALJ should have used a medical expert to provide insight into whether the evidence supporting light work after the date last insured would apply to the relevant period. However, the ALJ already had substantial evidence on which to base his decision. The evidence shows, and the ALJ notes, that Barnett had symptoms of PTSD, shoulder pain, neck pain, degenerative disc disease, diabetes, and other disorders from 2003 to 2007. (Admin. Rec. at 15-17, 247-588, 801-34). Barnett had severe impairments of obesity, diabetes mellitus, and disorders of the spine through the date las insured. However, Plaintiff owned an auto repair business and his work duties required heavy exertion. (*Id*. at 11, 14). The vocational expert at the administrative hearing testified that Plaintiff's past relevant work as an automobile mechanic (Dictionary of Occupational Titles (DOT) 620.261-010) was medium work as generally performed, and heavy work as Plaintiff had previously performed it. (*Id*. at 36, 159, 191). The vocational expert's finding of medium RFC indicates that Barnett's medical history and symptoms as of at least the date of his last reported earnings (2008) were not preclusive of medium work activity. (*Id*. at 15, 159, 191). Although there was no evidence of earnings in 2009 or 2010, Plaintiff reported that he continued to work as the owner of his auto repair shop until May 2010, his alleged disability onset date. (*Id*. at 16, 157-58, 190). There is no evidence from May 2010 that would document worsening symptoms or establish medical basis for Plaintiff's alleged work stoppage. (*Id*. at 16). Medical evidence through Plaintiff's date last insured did not show that Plaintiff's conditions were worsening, or that he was incapable of all work activity. (*Id*.).

The ALJ's analysis of medical records indicates a thorough reading and clear understanding of Barnett's medical records without the assistance of a medical expert. The ALJ referred to medical records and physician notes indicating that Barnett was doing well, his mood was stable, and he had

only occasional nightmares and was enjoying living in his town. (*Id*. at 16, 426-28, 780-81). On July 2010, Barnett saw a nurse for medication refills for his chronic backache. The nurse reported Barnett was alert and oriented, walked with a steady gait, and was not distressed. (*Id*. at 16, 778-79). On October 21, 2010, Barnett had been watching his diet and his diabetes control had improved. (*Id*. at 16, 423-24, 770-72). On December 1, 2010, his diabetes was noted as well-controlled. (*Id*. at 16, 422-23, 768-70). After the date last insured, December 31, 2010, medical records indicated some worsening in Barnett's condition. (*Id*. at 16, 247-797, 801-34, 856-954). However, nothing in the record provided basis for Barnett to stop working on May 2010 through December 2010. (*Id*. at 16).

In addition to thorough analysis of the medical records, the ALJ also took into consideration Barnett's testimony and Barnett's wife's report. At the administrative hearing in June 2014, Barnett stated that his diabetes was "under control with medication and diet" and testified that he watched television, surfed the internet, went to the movies, to breakfast, and on walks. (*Id*. at 32-33). Barnett's wife reported that Barnett was able to care for their pets, work on a motorcycle, work in the yard, attend to his personal care, help with some cooking, and go out with friends frequently. (*Id*. at 16-17, 181-84). The ALJ noted that the testimony and report are consistent with the daily activities Barnett listed in his 2013 application for disability and his 2013 medical records. (*Id*. at 17, 612).

Based on Barnett's medical records, physician and nurse notes, testimony, and wife's report, the ALJ found that Barnett's ability to engage in a variety of daily activities even in 2013, suggests that his capacity was not as limited as he alleged in 2010. This ALJ's conclusions are supported by substantial evidence.

**2. The ALJ Properly Considered the Veterans Administration's Finding of Disability**

Barnett admits that the ALJ acknowledged the Veterans Administration's (VA) finding that Mr. Barnett is disabled. However, Barnett alleges that the ALJ misread the VA decision and did not see the information from the VA establishing a disability rating during the period relevant to this case. (Mot. for

Reversal (#11) at 6:8-12). Barnett concedes that the ALJ is not bound by the VA decision, consistent with Social Security Ruling 06-03p stating that findings of the Veterans Affairs as to disability does not bind the Social Security Administration. (*Id*. at 7:6-16). Barnett mentions a caveat to the Social security ruling, that although the VA decision is not binding, it must still be considered. (*Id*.). He then cites to a case stating that to reject a finding of disability made by the VA, the ALJ must give "persuasive, specific, and valid" reason. *McCartey v. Massanari*, 289 F.3d 1072, 1076 (9th Cir. 2002). Barnett argues that the ALJ failed to draw inferences "logically flowing from the evidence." (*Id*. at 8:5-9).

This argument is unpersuasive. First, the record indicates that the VA denied Barnett's disability claim twice until finally finding him disabled according to VA standards as of mid-2011. Second, although Barnett points out that physicians noted Barnett's claim was "finally approved" in 2009, there are no details or record to explain what was "finally approved" or of a VA disability rating during the period relevant to this case. Third, though the VA found Barnett disabled in mid-2011, it did not explain how the rating decision was reached, what evidence was considered, or what Barnett's capacity was in 2010. (Admin. Rec. at 17, 147-52). Lastly, in addition to considering the VA's decision, the ALJ considered other evidence warranted under the Social Security DIB standards such as medical records, work record, physician and nurse notes, applicant's testimony, and spouse's report in appropriately denying Barnett Social Security benefits.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff Leroy Barnett's Motion for Reversal (#11) be DENIED.

IT IS SO RECOMMENDED.

DATED this 10th day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE